Stephanie R. Leach (#023739)
STEPHANIE R. LEACH, PLLC
2415 E. Camelback Rd., Suite 700
Phoenix, AZ 85016
Telephone: (602) 753-9276
Stephanie@azemploymentattorney.com

Attorneys for Peter Coffey

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Coffey, | |
|         Plaintiff, | **COMPLAINT** |
| v. | **(JURY TRIAL DEMANDED)** |
| New Life Wellness Center, LLC; James Demasi and Jane Joe Demasi; and Sean Cady and Jane Doe Cady, | |
|         Defendants. | |

Plaintiff Peter Coffey ("Plaintiff") for his Complaint against the above-named Defendants, hereby brings this action for unpaid wages under Arizona Revised Statute Title 23 (the "Arizona Wage Act"), breach of contract, unpaid minimum wage, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. Section 216(b) ("FLSA") and alleges as follows:

1.      This is an action for unpaid wages, liquidated damages, attorneys' fees, costs and interest under the FLSA and the Arizona Wage Act.

2.      At all material times hereto, Plaintiff is an individual residing in Maricopa County, Arizona.

3.      Defendant New Life Wellness Center, LLC ("NLWC") is an Arizona Limited Liability Company. At all times relevant hereto, NLWC does business, has offices and/or maintains against for the transaction of its customary business in Maricopa County, Arizona.

4.      At all relevant times, Plaintiff was an employee of Defendant NLWC and Defendant NLWC was an employer, as that term is defined under the FLSA. At all relevant

times, Defendant NLWC, had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant NLWC.  Defendant NLWC was an employer subject to the FLSA and the Arizona Wage Act, and employed Plaintiff as an employee.

5.     At all relevant times, Defendant James Demasi ("Defendant Demasi") owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant NLWC.  At all relevant times, Defendant Demasi had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant NLWC.  At all relevant times, Defendant Demasi was an employer subject to the FLSA and Arizona Wage Act and employed Plaintiff as an employee.

6.     Defendant Demasi is an individual residing in Maricopa County, Arizona.

7.     At all relevant times, Defendant Demasi was acting in furtherance of his marital community.

8.     At all relevant times, Defendant Sean Cady ("Defendant Cady") owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant NLWC.  At all relevant times, Defendant Cady had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant NLWC.  At all relevant times, Defendant Cady was an employer subject to the FLSA and Arizona Wage Act and employed Plaintiff as an employee.

9.     Defendant Cady is an individual residing in Maricopa County, Arizona.

10.     At all relevant times, Defendant Cady was acting in furtherance of his marital community.

Stephanie R. Leach
PLLC
241 E. CAMELBACK RD., SUITE 700
Phoenix, Arizona 85016
(602) 753-9276

11.     This Court has original jurisdiction under 28 U.S.C. § 1331 as this case is a civil action that arises under 29 U.S.C. § 216(b) for violations of Mr. Coffey's right to minimum wage. This Court may also exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Mr. Coffey's state law claims as they arise from the same case or controversy as the claim giving this Court original jurisdiction.

12.     At all relevant times, Defendant NLWC has been and continues to be an employer within the meaning of A.R.S. § 23-350(3).

13.     At all relevant times, all Defendants have been and continue to be employers within the meaning of the FLSA.

14.     At all relevant times, Plaintiff was an employee of Defendant NLWC within the meaning of A.R.S. § 23-350(2).

15.     At all relevant times, Plaintiff was an employee of all Defendants within the meaning of the FLSA.

16.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

17.     Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.00.

18.     Defendants employed Plaintiff from approximately January, 2021 through his termination in May, 2021.

19.     Defendants paid Plaintiff for his work in an unusual manner and would frequently pay Mr. Coffey late.

20.     After the pay date of March 31, 2021, Defendants failed to pay Plaintiff for any of his remaining work.

21.     Plaintiff is owed $26,148.00 in unpaid wages.

22.     Plaintiff has repeatedly attempted to obtain payment from Defendants in a good faith attempt to recover the wages Defendants owed him.

23.     In fact, Plaintiff met with Defendants on or around May 12, 2021.  At that

Stephanie R. Leach
PLLC
2415 E. CAMELBACK RD., SUITE 700
Phoenix, Arizona 85016
(602) 753-9276

time, Plaintiff yet again raised the issue of Defendants' failure to pay him any monies since March of 2021.

24.     Immediately after that meeting, Defendants terminated Plaintiffs' employment.

25.     As a result of Defendant's failure to pay wages during the relevant time period, Plaintiff was forced to perform work without any compensation from Defendants, such that the average of Plaintiff's wages over his regular 40-hour workweek fell below the overall minimum wage for one or more workweeks, in violation of 29 U.S.C. § 206(a).

26.     As a result of Defendant's failure to pay wages during the relevant time period, Plaintiff was forced to perform work without any compensation from Defendants, such that the average of Plaintiff's wages over his regular 40-hour workweek fell below the overall minimum wage for one or more workweeks, in violation of A.R.S. § 23-363.

27.     As a result of Defendant's failure to pay wages during the relevant time period, Plaintiff was forced to perform work without any compensation from Defendants, in violation of A.R.S. Title 23, Chapter 2.

28.     As a further proximate result of Defendants' acts, Plaintiff has suffered special damages for medical services and treatment, and has suffered a significant loss of income and employment benefits in an amount to be shown according to proof.

29.      As a further proximate result of the acts and omissions alleged herein, Plaintiff has sustained and will continue to sustain substantial loss of earnings, promotions, bonuses and benefits.

## COUNT I - FAILURE TO PAY MINIMUM WAGE

### (Violations of 29 U.S.C. §206(a)) (As against all Defendants)

30.     The above allegations are incorporated herein.

31.     Defendants knowingly and in bad faith failed to pay wages due to Plaintiff such that the average of his rate of pay, when averaged across his regular workweeks, was

Stephanie R. Leach
LEACH
2415 E. CAMELBACK RD., SUITE 700
Phoenix, Arizona 85016
(602) 753-9276

less than the applicable minimum wage, in violation of 29 U.S.C. §206(a).  Pursuant to 29 U.S.C. §216(b), Plaintiff is therefore entitled to recover in this civil action his unpaid wages and an additional amount equal to the unpaid wages.

32.      Additionally, pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover interest and reasonable attorneys' fees and costs.

## COUNT II – FAILURE TO PAY MINIMUM WAGE
### (A.R.S. §  23-363)(against Defendant NLWC)

33.      The above allegations are incorporated herein.

34.      Defendant NLWC knowingly and in bad faith failed to pay minimum wages due to Plaintiff, such that the average of his hourly rate of pay, when averaged across his regular workweeks, was less than the applicable minimum wage, in violation of A.R.S. § 23-363.

35.      Pursuant to A.R.S. § 23-364, Plaintiff if therefore entitled to recover in this civil action his unpaid wages and an additional amount equal to twice the amount of the unpaid wages.  Additionally, pursuant to A.R.S. § 23-364, Plaintiff is entitled to reasonable attorneys' fees and costs.

## COUNT III – FAILURE TO PAY WAGES
### (Violation of A.R.S. § 23-355) (Against all Defendants)

36.      The above allegations are incorporated herein.

37.      Defendants NLWC, Demasi and Cady knowingly and in bad faith failed to pay salary due to Plaintiff in the approximate amount of $26,148.00.

38.      Pursuant to A.R.S. § 23-355, Plaintiff if therefore entitled to recover in this civil action an amount that is treble the amount of the unpaid wages, approximately $78,444.00.

## COUNT IV – UNJUST ENRICHMENT
### (Against All Defendants)

39.      The above allegations are incorporated herein.

40.     Defendants received the benefit of the services provided by Plaintiff.

41.     Plaintiff has been impoverished by Defendants' receipt of the benefit conferred upon them.

42.     As a result of Defendants' receipt of benefit and Plaintiff's impoverishment, Plaintiff has incurred damages in an amount to be determined at trial.

## COUNT V – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against All Defendants)

43.     The above allegations are incorporated herein.

44.     Implied in every contract is a covenant of good faith and fair dealing.

45.     Defendants are in breach of the covenant of good faith and fair dealing because they failed to pay Plaintiff for his services.

46.     Plaintiff requests an award of attorneys' fees and costs against Defendants and each of them.

47.     Plaintiff is further entitled to prejudgment interest at the legal rate per annum and damages according to proof.

## COUNT VI – BREACH OF CONTRACT

### (Against All Defendants)

48.     The above allegations are incorporated herein.

49.     The Parties' course of performance evidences a valid and enforceable contract.

50.     Defendants' failure and refusal to perform under the terms of the Parties' contract constitutes a material breach of the contract.

51.     As a result of Defendants' breach of the Parties' contract, Plaintiff has incurred damages in an amount to be determined at trial.  Plaintiff is also entitled to statutory interest and attorney fees and costs under A.R.S. §§ 12-341 and 12-341.01(A)

## COUNT VII - WRONGFUL TERMINATION UNDER THE ARIZONA

- 6 -

Stephanie R. Leach
LLC
2415 E. CAMELBACK RD., SUITE 700
Phoenix, Arizona 85016
(602) 753-9276

**EMPLOYMENT PROTECTION ACT**

52.     By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

53.     On or around May 12, 2021, Plaintiff raised concerns about Defendants' failure to pay him.

54.     It is unlawful for Defendants' to fail to pay Plaintiff.

55.     In May, 2021, Defendants terminated Plaintiff in violation of this statute, and thus violated A.R.S. § 23-1501(A)(3)(b).

56.     Defendants' conduct is the direct and proximate cause of Plaintiff's damages.

57.     Defendants' conduct harmed Plaintiff and was malicious, oppressive or in reckless disregard of his rights.

58.     Defendants are therefore liable to Plaintiff for punitive damages.

**GENERAL PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A.     Against all Defendants on Counts I and II for all of Plaintiff's unpaid minimum wage, an equal amount of Plaintiff's unpaid minimum wages in liquidated damages owed to which all Defendants failed to pay to Plaintiff in violation of the FLSA, plus Plaintiff's reasonable attorneys' fees and costs incurred in the prosecution of this action pursuant to 29 U.S.C. § 216(b);

B.     Against all Defendants on Count IIII for an amount that is treble the amount of wages owed to Plaintiff which Defendants failed to pay Plaintiff in violation of the Arizona Wage Act, pre-judgment and post-judgment interest, plus Plaintiff's reasonable attorneys' fees and costs incurred in the prosecution of this action pursuant to A.R.S. §§ 23-344 and 12-341, and for such other and further relief as this Court deems just and proper;

C.     Against all Defendants on Counts IV, V, VI and VII for breach of contract, unjust enrichment, breach of the covenant of good faith and fair dealing, and retaliation in violation of the Arizona Employment Protection Act, pre-

Stephanie R. Leach
PLLC
245 E. CAMELBACK RD., SUITE 700
Phoenix, Arizona 85016
(602) 753-9276

1
2
3
4
5

judgment and post-judgment interest, plus Plaintiff's reasonable attorneys' fees and costs incurred in the prosecution of this action pursuant to A.R.S. §§ 23-344 and 12-341, and for such other and further relief as this Court deems just and proper;

6   RESPECTFULLY SUBMITTED this  11th day of March, 2022.

7                                        STEPHANIE R. LEACH, PLLC.

8

9                  By _____
10                       Stephanie R. Leach
                         2415 E. Camelback Rd., Suite 700
                         Phoenix, AZ  85016
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Stephanie R. Leach
PLLC
2415 E. CAMELBACK RD., SUITE 700
Phoenix, Arizona 85016
(602) 753-9276